

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 1 2 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA ⟩
⟩
v. ⟩ Violations: Title 18, United States
⟩ Code, Sections 1343, 1028A,
ANDRIS FESENKO, ⟩ 1956(a)(2)(B)(i), and 2
aka "Andris Neilands," ⟩
⟩ **UNDER SEAL**

**16CR 251**

**COUNT ONE**
**(Wire Fraud)**

**JUDGE BUCKLO**

The SPECIAL JUNE 2015 GRAND JURY charges:

**MAGISTRATE JUDGE SCHENKIER**

1. At times material to this indictment:

a. Defendant ANDRIS FESENKO was a Latvian citizen residing in London, England.

b. Co-Schemer A was a Latvian citizen who resided in the United States between in or about March 2014 and in or about June 2014.

c. Co-Schemer B was a Latvian citizen who resided in the United States between in or about April 2014 and in or about July 2014.

d. Co-Schemer C was a Latvian citizen who entered the United States in or about January 2014 and remained in the United States as of November 2015.

e. Co-Schemer D was a Latvian citizen who resided in the United States between in or about October 2014 and in or about August 2015.

f.      Co-Schemer E was a Latvian citizen who resided in the United States between in or about October 2014 and in or about September 2015.

g.      Victim A was a resident of Louisiana, and maintained a bank account at Caldwell Bank & Trust in Columbia, Louisiana.

h.      Victim B was a resident of Arizona, and maintained a bank account at Bank of America in Sierra Vista, Arizona.

i.      Victim C was a resident of California, and maintained an investment account at Vanguard, which is headquartered in Malvern, Pennsylvania.

j.      Victim D was a resident of Alberta, Canada, and maintained a bank account at Toronto Dominion Bank in Lloydminster, Alberta, Canada.

k.      Victim E was a resident of Michigan, and maintained a bank account at Fifth Third Bank in Ira, Michigan.

l.      Victim F was a resident of Hawaii, and maintained a bank account at American Savings Bank in Waipahu, Hawaii.

m.      Victim G was a resident of Colorado, and maintained a bank account at U.S. Bank in Greenwood Village, Colorado.

2.      From in or about May 2014, through in or about December 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud Victims A-G,

and others, to obtain money by means of materially false and fraudulent pretenses, representations, promises, and the concealment of material facts, as more fully described below.

3.     It was part of the scheme that defendant ANDRIS FESENKO obtained and caused to be obtained money when others working with FESENKO placed false and fraudulent advertisements in online publications offering for sale automobiles and other vehicles, and convinced victims to transfer via interstate wire transmissions money and funds intended to purchase those automobiles.

4.     It was further part of the scheme that defendant ANDRIS FESENKO, Co-Schemer A, Co-Schemer B, Co-Schemer D, Co-Schemer E, and others opened, or caused to be opened, accounts at banks throughout the Chicagoland area, and elsewhere, for the purpose of receiving funds obtained from victims through false and fraudulent pretenses and representations.

5.     It was further part of the scheme that victims communicated with individuals who were using false and fictitious business names, addresses, telephone numbers, facsimile numbers, and email addresses, thereby convincing victims of the legitimacy of the businesses, and persuading victims to wire money purportedly in exchange for the delivery of automobiles and other vehicles that never arrived.

6.     It was further part of the scheme that victims' online investment accounts were accessed without the victim's permission or authorization, and money was fraudulently transferred out of the victims' investment accounts and into bank

3

accounts opened, maintained, or controlled, whether directly or indirectly, by FESENKO and others working with him or at his direction.

7. It was further part of the scheme that defendant ANDRIS FESENKO, Co-Schemer A, Co-Schemer B, and others, opened, or caused to be opened, without the victims' knowledge or authorization, bank accounts that appeared to be held jointly by Co-Schemer A or Co-Schemer B, on the one hand, and certain victims on the other hand, even though such bank accounts were not jointly held.

8. It was further part of the scheme that defendant ANDRIS FESENKO, Co-Schemer A, Co-Schemer B, Co-Schemer D, Co-Schemer E, and others withdrew, attempted to withdraw, and/or caused to be withdrawn, from bank accounts opened, maintained, or controlled by ANDRIS FESENKO, or others working with him or at his direction, money obtained from victims through false or fraudulent pretenses and representations, even though ANDRIS FESENKO and others knew that such money did not belong to him or them.

9. It was further part of the scheme that, after withdrawing funds obtained through false and fraudulent pretenses and representations, or causing such funds to be withdrawn, defendant ANDRIS FESENKO, Co-Schemer A, Co-Schemer B, Co-Schemer D, Co-Schemer E, and others, executed wire transfers, or caused wire transfers to be executed, transferring such funds from locations inside the United States to individuals located outside the United States using entities such as Western Union and MoneyGram.

10. It was further part of the scheme that defendant ANDRIS FESENKO communicated with Individual A, who was located within the Northern District of Illinois, via telephone, electronic mail, and online encrypted chat programs. FESENKO discussed the scheme with Individual A, directed Individual A to instruct others regarding the scheme's execution and operation, including notifying Individual A about the fraudulent transfer of money into bank accounts opened by FESENKO or individuals working on his behalf or at his direction, and by directing Individual A regarding the timing and amount of withdrawals from those bank accounts.

11. It was further part of the scheme that defendant ANDRIS FESENKO, Co-Schemer A, Co-Schemer B, Co-Schemer D, Co-Schemer E, and others, known and unknown to the grand jury, did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

12. On or about May 7, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an online chat message sent by FESENKO to Individual A, who was in the Northern District of

Illinois, in which FESENKO instructed Individual A to withdraw fraudulent proceeds obtained from Victim A;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT TWO
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.    Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.    On or about May 6, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $27,965 in response to a false and fictitious advertisement for a 2007 Kenworth truck, from Victim A's bank account to a bank account held in the name of Co-Schemer A Super Autos LLC, which was opened by Co-Schemer A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.     On or about May 8, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $20,000 in response to a false and fictitious advertisement for a 1962 Chevrolet Corvette, from Victim B's bank account to a bank account held in the name of Co-Schemer A Super Autos LLC, which was opened by Co-Schemer A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1. Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2. On or about May 8, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, a telephone call with Individual A during which FESENKO instructed Individual A to withdraw fraudulent proceeds obtained from Victim B;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT FIVE
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.      Paragraphs 1, 2, 4, and 6 through 11 of Count One are incorporated here.

2.      On or about May 8, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $36,760 from Victim C's investment account to an account opened and maintained by Co-Schemer B, without the knowledge or consent of Victim C;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.      Paragraphs 1, 2, 4, and 6 through 11 of Count One are incorporated here.

2.      On or about May 8, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, a telephone call with Individual A during which FESENKO instructed Individual A to withdraw fraudulent proceeds obtained from Victim C;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT SEVEN
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.     On or about May 16, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $18,040 in response to a false and fictitious advertisement for a 1966 Pontiac GTO, from Victim D's bank account to the bank account of Super Car Deals LLC, which was opened by Co-Schemer B;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT EIGHT
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.     On or about May 19, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an online encrypted chat message with Individual A during which FESENKO communicated with Individual A regarding fraudulent proceeds obtained from Victim D;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT NINE
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.  Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.  On or about October 30, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $12,750 in response to a false and fictitious advertisement for a 1966 Chevrolet Corvette, from Victim E's bank account to a bank account opened and maintained by Co-Schemer E;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN
## (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.     On or about October 30, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an online chat message with Individual A during which FESENKO communicated with Individual A regarding fraudulent proceeds obtained from Victim E, as well as the origin of such proceeds;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT ELEVEN
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.      Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.      On or about October 31, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $19,550 in response to a false and fictitious advertisement for a 1970 Chevrolet Chevelle, from Victim F's bank account to a bank account opened and maintained by Co-Schemer E;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWELVE
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.    Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.    On or about October 31, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an online chat message with Individual A during which FESENKO communicated with Individual A about fraudulent proceeds obtained from Victim F;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT THIRTEEN
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.     On or about November 18, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an interstate funds transfer of approximately $42,000 in response to a false and fictitious advertisement for a 2013 BMW X3 from Victim G's bank account to the bank account of USL Deals Inc., which was opened by Co-Schemer E;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOURTEEN
### (Wire Fraud)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 5 and Paragraphs 8 through 11 of Count One are incorporated here.

2.     On or about November 18, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, and signals, namely, an online chat message with Individual A in which FESENKO communicated with Individual A regarding fraudulent proceeds obtained from Victim G;

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNT FIFTEEN
### (Aggravated Identity Theft)

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 11 of Count One is incorporated here.

2.     On or about May 7, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, Victim A's name and address, during and in relation to an offense under Title 18, United States Code, Section 1343, as described in Count One of this indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

20

## COUNT SIXTEEN
### (Aggravated Identity Theft)

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One is incorporated here.

2.   On or about November 19, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, Victim G's name and address, during and in relation to an offense under Title 18, United States Code, Section 1343, as described in Count One of this indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS SEVENTEEN THROUGH TWENTY ONE
### (Money Laundering)

The SPECIAL JUNE 2015 GRAND JURY further charges:

1.     Paragraphs 1 through 11 of Count One are incorporated here.

### The Money Laundering Scheme

2.     At times material to this indictment:

a.     After obtaining funds from victims through false and fraudulent pretenses and representations, defendant ANDRIS FESENKO, as well as Co-Schemer A, Co-Schemer B, Co-Schemer D, Co-Schemer E, and others, known and unknown to the Grand Jury, withdrew the funds, and/or caused the funds to be withdrawn, before victims could discover the fraudulent scheme.

b.     After withdrawing funds obtained through false and fraudulent pretenses and representations, or causing such funds to be withdrawn, defendant ANDRIS FESENKO, Co-Schemer A, Co-Schemer B, Co-Schemer D, Co-Schemer E, and others, known and unknown to the Grand Jury, executed wire transfers, or caused wire transfers to be executed, transferring such funds from locations inside the United States to individuals located outside the United States, using entities such as Western Union and MoneyGram.

c.     Defendant ANDRIS FESENKO, and others, known and unknown to the Grand Jury, directed where certain funds obtained through false and fraudulent pretenses and representations should be sent by communicating with Individual A, who was located within the Northern District of Illinois, via telephone, electronic mail, and online encrypted chat programs.

d.     Following the wire transfers, defendant ANDRIS FESENKO received from Individual A reference numbers, and thus confirmations regarding the wire transfers of proceeds illegally obtained, by communicating with Individual A via telephone, electronic mail, and online encrypted chat programs.

e.     In addition to transferring illegal proceeds using entities such as Western Union and MoneyGram, defendant ANDRIS FESENKO, attempted to transfer the proceeds of the illegal wire fraud scheme through means other than Western Union and MoneyGram, such as by transferring money between and among individuals who purportedly were capable of transferring money outside of the traditional banking system.

3.     On or about the dates set forth in the table below, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANDRIS FESENKO, aka "Andris Neilands,"

defendant herein, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, funds from a place in the United States to and through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, namely, wire fraud:

| Count | Date | Amount | Description |
|-------|------|--------|-------------|
| 17 | 5/7/14 | $2,990 | Wire transfer from Co-Schemer B in Wheeling, Illinois, to Individual RCS in Bulgaria, via MoneyGram |
| 18 | 6/7/14 | $2,800 | Wire transfer from Co-Schemer A in Wheeling, Illinois, to Individual VS in Latvia, via Western Union |
| 19 | 11/13/14 | $2,850 | Wire transfer from Co-Schemer E in Deerfield, Illinois, to Individual YL in Russia, via MoneyGram |
| 20 | 11/14/14 | $2,840 | Wire transfer from Co-Schemer D in Palatine, Illinois, to Individual AD in Russia, via Western Union |
| 21 | 11/2/15 | $14,800 | Transfer from Co-Schemer C to Individual A in New York, for subsequent transfer to FESENKO in London, England |

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2015 GRAND JURY alleges:

1.    Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    The property to be forfeited includes, but is not limited to: a personal money judgment in the amount of at least $444,700.

3.    If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

25